UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

UNITED STATES OF AMERICA,      NOTICE OF APPEARANCE

    -against-      Criminal Docket
    No. CR-02-0307

ANTHONY GRAZIANO,      Criminal Docket
    No. CR-90-0334

    Defendant.      (Garaufis, J.)

---------------------------------X

PLEASE TAKE NOTICE that the UNITED STATES OF AMERICA hereby appears in the above-entitled action by its undersigned attorney, and that the UNITED STATES OF AMERICA demands that copies of all papers in this action be served upon the undersigned at the office and post office address stated below.

Dated: Brooklyn, New York
       March 29, 2006

           ROSLYNN R. MAUSKOPF
           United States Attorney
           Eastern District of New York
           1 Pierrepont Plaza - 16th Flr.
           Brooklyn, New York 11201

    By:  S/ Beth P. Schwartz
        BETH P. SCHWARTZ
        Assistant U.S. Attorney
        (718) 254-6017
        beth.schwartz@usdoj.gov



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:BPS

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:*  *147 Pierrepont Street*
*Brooklyn, New York 11201*

March 29, 2006

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Anthony Graziano,
            Criminal Docket Nos. CR-02-0307 and CR-90-0334 (EDNY)

Dear Judge Garaufis:

    Pursuant to Your Honor's Order dated March 27, 2006, the United States is electronically re-filing its letter dated March 17, 2006 and a proposed order for the turnover of funds held by the Federal Bureau of Investigation to the United States for application to the defendant's outstanding judgment of restitution. See March 17, 2006 letter and proposed Order, attached hereto as Exhibit A. The undersigned was unable to comply with the terms of the order requiring the United States to refile its letter by March 27, 2006 because the undersigned did not receive a copy of Your Honor's order via the electronic docketing system. The undersigned saw Your Honor's order today, March 29, 2006, after checking the status of this matter.

    In accordance with the local rules, the March 17, 2006 letter and a notice of appearance are being electronically filed. This will ensure that the undersigned will receive notification of all subsequent activity in the case.

                                     Respectfully submitted,

                                     ROSLYNN R. MAUSKOPF
                                     United States Attorney

                   By:     _____
                                     BETH P. SCHWARTZ
                                     Assistant U.S. Attorney
                                     (718) 254-6017

2

cc:    Anthony Graziano
Reg. # 48743-080
FCI - Forrest City
P.O. Box 7000
Forrest City, Arizona 72336

Jay F. Kramer, Esq.
Federal Bureau of Investigation
26 Federal Plaza
New York, NY 10278

EXHIBIT A



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLR:BPS

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

Mailing Address:  *147 Pierrepont Street*
*Brooklyn, New York 11201*

March 17, 2006

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Anthony Graziano,
              Criminal Docket Nos. CR-02-0307 and CR-90-0334 (EDNY)

Dear Judge Garaufis:

     The United States respectfully submits this letter and draft proposed order in support of its request that Your Honor issue an order, pursuant to 28 U.S.C. 1651, requiring that the Federal Bureau of Investigation (the "FBI") turn over the approximately $6,232.00 in United States (U.S.) currency (the "seized funds") seized from the above-referenced defendant to the United States for application to the outstanding judgment of restitution imposed against the defendant on November 13, 2003.[1]

Background

     As part of that investigation by the FBI into the activities of organized crime families, a search warrant was issued on December 18, 2001 for Anthony Graziano. The search warrant was executed the same day and resulted in the seizure of $6,232.00 in U.S. currency from the defendant. The currency has been held in a valuable evidence vault since that time.

     The defendant pleaded guilty on December 23, 2002, to conspiring to commit racketeering acts, pursuant to 18 U.S.C. §§ 1962 and 1963, and attempting to evade the payment of income tax, pursuant to 26 U.S.C. § 7201. The defendant was sentenced, among other things, to pay restitution in the amount of $105,520.00, plus interest, to the Internal Revenue Service

---

[1] The FBI has no objection to this request.

2

(the "IRS") and a fine in the amount of $17,500.00, plus interest. As required by the plea agreement, the defendant paid $65,000.00 of the restitution judgment to the IRS in advance of sentencing. He made one additional payment of $200.00 in April 2004 toward the restitution judgment but no additional payments since that time. Accordingly, the defendant has an outstanding restitution judgment in the amount of $40,520.00, plus interest and an outstanding fine judgment in the amount of $17,500.00, plus interest.[2] The defendant was also sentenced to a term of incarceration of 108 months and has been incarcerated since March 2002.

On or about November 9, 2005, the defendant filed an administrative claim with the FBI for the return of the seized funds.

Application of the Seized Funds To The Outstanding Restitution Judgment

Judgments of fine and restitution may be enforced in accordance with the practices and procedures for the enforcement of a civil judgment under federal or state law. See 18 U.S.C. § 3613(a). Rule 69 of the Federal Rules of Civil Procedure further provides, among other things, that any statute of the United States governs proceedings to enforce or in aid of a judgment for the payment of money, to the extent that it is applicable. The All Writs Act, 28 U.S.C. § 1651, is such a statute and permits the court "to issue all writs necessary or appropriate in aid of their respective jurisdictions..." Enforcement of the defendant's judgments of restitution and fine are clearly in aid of this court's jurisdiction.

Pursuant 18 U.S.C. § 3664(n), if a person obligated to pay restitution receives substantial resources from any source, during a period of incarceration, he shall be "required to apply the value of such resources to any restitution or fine still owed." In order to prevent the defendant from dissipating the seized funds, the United States respectfully requests that the court issue an order pursuant to 28 U.S.C. § 1651 requiring the FBI to pay the seized funds to the Clerk of the Court for application to the outstanding restitution judgment. See United States v. Tencer, 986 F.Supp. 361, 363-64 (E.D. La. 1997) (court may order funds released pursuant to vacated

---

[2]The defendant was also sentenced to pay a fine of $100,000.00, pursuant to a judgment imposed against him in United States v. Graziano, CR-90-0334 (EDNY) on November 23, 1990. The defendant made payments totaling $2,700.00 between October 1991 and April 1994 toward that judgment. Despite repeated requests, the defendant made no additional payments toward the fine judgment. Accordingly, the outstanding balance on that judgment is $158,222.79, plus interest.

In that case, the defendant was convicted of wilfully the evading the payment of income taxes due during calendar years 1974, 1975, 1984 and 1985. At the core of that charge was the defendant's submission of a false Offer and Compromise and Statement of Financial Condition to the IRS. The documents omitted substantial assets and income sources of the defendant. The defendant placed extensive holdings in the name of nominees to conceal his assets from the Internal Revenue Service and law enforcement authorities.

3

forfeiture order to be applied directly to restitution under 18 U.S.C. § 3664(n)).

Here, it is undisputed that the defendant is incarcerated and indebted to the United States as a result of the criminal judgment entered against him. Thus, the seized funds should be applied to the criminal judgment pursuant to 18 U.S.C. § 3664(n).

Even without the specific mandate of 18 U.S.C. § 3664(n), the United States has a common-law right to set off amounts it owes against a debt owed to the United States. In Ikelionwu v. United States, 150 F.3d 233, 239 (2d Cir. 1998), the Second Circuit found that any funds which claimant might obtain if he ultimately prevailed in forfeiture proceedings could be set off against claimant's outstanding debt to the United States as a result of a criminal fine and that "the United States as creditor has at least as much right to set-off as an ordinary person." Ikelionwu, 150 F.3d at 239 (2d Cir. 1998) quoting Malman v. United States, 202 F.2d 483, 485 (2d Cir. 1953).[3] The Second Circuit concluded that "nothing indicates that it would be inappropriate to set-off the amount of [the] outstanding fine." Ikelionwu, 150 F.3d at 239; see United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990)(cash seized pursuant to an arrest may be applied to fine imposed at sentencing); see United States v. David, 131 F.3d 55 (2d Cir. 1997)(recognizing the government's intention to offset a portion of defendant's criminal judgment with property seized pursuant to his arrest as a valid continuing interest in seized property).

Thus, the common law right of set-off provides a basis for the issuance of an order providing that the FBI turn over the seized funds for application to the defendant's outstanding restitution judgment.

For all the foregoing reasons, the United States respectfully requests that the Court issue an order requiring that the FBI issue a check in the amount of the seized funds payable to the Clerk of the Court, Eastern District of New York, for application to the defendant's outstanding restitution judgment.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
BETH P. SCHWARTZ
Assistant U.S. Attorney
(718) 254-6017

---

[3] The Second Circuit also cited 31 U.S.C. § 3728(a), which authorizes the Secretary of Treasury to withhold paying that portion of a judgment against the United States that is equal to the debt owed by the plaintiff to the Government, in support of the set-off.

4

cc:    Anthony Graziano
Reg. # 48743-080
FCI - Forrest City
P.O. Box 7000
Forrest City, Arizona 72336

Jay F. Kramer, Esq.
Federal Bureau of Investigation
26 Federal Plaza
New York, NY 10278

SLR:BPS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER |
| - against - | Criminal Docket No. CR 02-0307 |
| ANTHONY GRAZIANO, | (Garaufis, J.) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, the defendant pleaded guilty on December 23, 2002, to conspiring to commit racketeering acts, pursuant to 18 U.S.C. §§ 1962 and 1963, and attempting to evade the payment of income tax, pursuant to 26 U.S.C. § 7201; and

WHEREAS, the defendant was sentenced, among other things, to pay restitution in the amount of $105,520.00, plus interest, to the Internal Revenue Service (the "IRS") and a fine in the amount of $17,500.00, plus interest; and

WHEREAS, the defendant was also sentenced to a term of incarceration of 108 months and has been incarcerated since March 2002; and .

WHEREAS, as required by the plea agreement, the defendant paid $65,000.00 of the restitution judgment to the IRS in advance of sentencing and made one additional payment of $200.00 in April 2004 but no other payments since that time; and

WHEREAS, the defendant has an outstanding restitution judgment in the amount of $40,520.00, plus interest and an outstanding fine judgment in the amount of $17,500.00, plus

2

interest with respect to the instant case; and.

WHEREAS, the defendant was also sentenced to pay a fine of $100,000.00, pursuant to a judgment imposed against him in United States v. Graziano, CR-90-0334 (EDNY) on November 23, 1990 and made payments totaling $2,700.00 between October 1991 and April 1994 toward that judgment. The outstanding balance on that judgment is $158,222.79, plus interest; and

WHEREAS, a search warrant was issued to the Federal Bureau of Investigation (the "FBI") on December 18, 2001 for Anthony Graziano; and

WHEREAS, the search warrant was executed on December 18, 2001 and resulted in the seizure of $6,232.00 in United States currency (the "seized funds") from the defendant; and

WHEREAS, on or about November 9, 2005, the defendant filed an administrative claim with the FBI for the return of the seized funds,

IT IS HEREBY ORDERED AND DECREED that the FBI shall issue a check in the amount of $6232.00 payable to the Clerk of the Court and shall reference "United States v. Graziano, CR-02-0397" on the face of the check within seven days of receipt of this order.

IT IS FURTHER ORDERED AND DECREED that the Clerk of the Court shall apply the monies deposited by the FBI to the defendant's outstanding obligation for restitution.

3

IT IS FURTHER ORDERED that the Clerk of the Court shall forward two certified copies of this order to Assistant U.S. Attorney Beth P. Schwartz, U.S. Attorney's Office, One Pierrepont Plaza, 16th Floor, Brooklyn, New York, 11201.

Dated: Brooklyn, New York
           , 2006

_____<br>
HONORABLE NICHOLAS G. GARAUFIS<br>
UNITED STATES DISTRICT JUDGE